Case 3:26-mj-00160-RAR   Document 1-1   Filed 02/17/26   Page 1 of 8

United States District Court
District of Connecticut
FILED AT HARTFORD

February 17, 2026

By R. Mayer
Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

In Re: APPLICATION FOR           :
                                 :
SEARCH WARRANT                   :
_____  :

AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, BRIAN BOUDREAU, being duly sworn, depose and state as follows:

## I.   INTRODUCTION

1.   I have been a United States Postal Inspection Service (hereinafter "USPIS") Task Force Officer since August 2024.  I am assigned to the Boston Division, working out of Hartford, Connecticut.  I am presently a duly sworn police officer for the last 11 years, currently with the Plainville Police Department.  I have participated in numerous investigations of complex drug conspiracies and all stages of illegal narcotics distributions, in violation of 21 U.S.C. §§ 841(a)(1), 843(b) and 846 and violations of the State of Connecticut General Statutes for distribution of illegal narcotics.  I have been the affiant on several search warrant applications which have led to the seizure of significant quantities of illegal narcotics, related paraphernalia, and packaging used in the drug trade.

2.   I am currently assigned to the USPIS sponsored Narcotics and Bulk Cash Trafficking Task Force (herein after "NBCT-TF"), which includes responsibilities for investigating narcotics and illicit proceeds trafficked via the US Mail, along with assaults and robberies of postal employees and robberies and burglaries of postal facilities.  The NBCT-TF

currently consists of seven Postal Inspectors, detectives from the Hartford, Plainville, and Connecticut State Police, and a Special Agent from the USPS Office of Inspector General.

3. Based upon my training and experience, I know that drug trafficking organizations routinely utilize several operational techniques to sustain their illegal enterprise. These practices are designed and implemented to achieve two paramount goals: first, the successful facilitation of the organization's illegal activities which consist of the importation and distribution of illegal controlled substances and the subsequent repatriation of the proceeds of that illegal activity; and second, minimization of the exposure of organization members, particularly those operating in management roles, from investigation and prosecution by law enforcement.

4. I am a law enforcement officer of the United States within the meaning of Title 18 U.S.C. § 3061 and am empowered by law to conduct investigations and make arrests for offenses enumerated in Title 21 U.S.C. §841(a)(1) and other federal offenses.

5. The information contained in this affidavit is based on my knowledge and experience, the observations I made during the course of this investigation, information conveyed to me by other law enforcement officers, through interviews of witnesses, and the knowledge and experience of my law enforcement colleagues.

6. Because this affidavit is being submitted for the limited purposes of securing search warrants, I have not included each and every fact known to me concerning this investigation. Rather, it contains those facts I believe to be necessary to establish probable cause for issuance of this search warrant.

**II.    SUBJECT PARCEL**

7.    Based on the information contained in this affidavit, there is probable cause to believe, and I do believe, that Priority Mail parcel displaying USPS Tracking Number 9505511140726044256364, addressed to "Esteven Rodrigues 254 Berlin Ave Southigton, CT 06489" and bearing a return address of "Brian Rodrigues 110 Villa Taina Yauco 00698" ("SUBJECT PARCEL"), contains evidence of the unlawful possession of controlled substances.

8.    On or about February 14th, 2026, the SUBJECT PARCEL was identified as a parcel possibly containing a controlled substance and/or proceeds derived from the distribution of controlled substances. The SUBJECT PARCEL weighs approximately 4 lbs. 5 oz and bears $22.95 in postage.

9.    A review of database records indicates that the delivery address on the SUBJECT PARCEL "254 Berlin Ave Southigton, CT 06489" is an actual address, however, the town name is spelt incorrectly. A review of CLEAR, which has proven reliable in past investigations, did not return any results for "Esteven Rodrigues" associated with the delivery address. Furthermore, an investigator from the Southington Police Department (SPD) confirmed that SPD did not have any documented contact with "Esteven Rodriges" at the delivery address. A review of database records indicates that the return address on the SUBJECT PARCEL, "110 Villa Taina Yauco 00698" is an actual address, however, "Puerto Rico" is missing from the return address. A review of CLEAR which has proven reliable in previous investigations, did not return any results for "Brian Rodrigues" associated with the return address.

10.    On February 16th, 2026, investigators requested the assistance of Connecticut State Police Detective Joseph Miller and his canine, "General." Detective Miller and General reported to the U.S. Postal Inspection Service in Hartford, Connecticut the same day.

11. Canine General and Detective Miller were initially certified with the Connecticut State Police on May 13th, 2022, after completing ten weeks of training and imprinting. General is a trained narcotics detection canine certified in the detection of cocaine, crack cocaine, heroin, MDMA, and methamphetamines. Upon locating one of these controlled substances, Canine General was trained to sit at the source of the odor. This sit is called a "passive alert". This alert may also indicate items recently contaminated or associated with the odor of one or more controlled substances. Cainne General was certified on the recognition of these odors by the Connecticut State Police Forensic Science Laboratory on May 6th, 2022. The team recertifies on these odors on an annual basis. All certifications are conducted by the Connecticut State Police Forensic Laboratory.

12. Canine General and Detective Miller train daily on all the odors that the dog is trained to detect. Their ongoing training averages over 40 hours a month. This training includes all areas of interdiction such as vehicles, boats, truck tractors and trailers, people, schools, currency, parcels and mail, airports and airplanes, buses and bus terminals, storage units, residences, trains and train stations, prisons, hotels and motels, apartments, etc. This training includes novel odors, such as odors that are distancing, masking or new. Training includes controlled-negative (blank) testing, in which all objects or locations have no contraband present. Extinction training methods are used to "proof" the dog and prevent him from alerting to common items (such as bags, tins, boxes, etc.) which are commonly associated with controlled substances. Detective Miller maintains daily training logs. Canine General and Detective Miller have participated in hundreds of controlled substance searches and have been present for and observed hundreds more conducted by other canine handlers.

13. On February 16th, 2026, before Canine General arrived, investigators placed the SUBJECT PARCEL among four other similar sized parcels. Canine General examined the parcels, and Detective Miller informed investigators that Canine General alerted to the SUBJECT PARCEL.

14. Investigators then rearranged the parcels, including the SUBJET PARCEL, in different positions on the floor, Canine General conducted another examination of the parcels, and Canine General again alerted to the SUBJECT PARCEL.

15. Based on the above, there is probable cause to believe, and I do believe, that located within the SUBJECT PARCEL, is evidence of a controlled substance offense, in violation of Title 21, United States Code, Sections 841(a)(1), 844, and 846. Because this warrant seeks only permission to examine the SUBJECT PARCEL, which is presently in the custody of the USPIS Domicile located at 141 Weston St., Hartford, CT 06101, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit that there is reasonable cause for the Court to authorize execution of the warrant at any time day or night.

### III. CONCLUSION

16. WHEREFORE, I respectfully request that a search warrant be issued to search the SUBJECT PARCEL for evidence of illegal narcotics and narcotics proceeds, and for any and all documents or other materials containing evidence of the participants in, and methods and plans of conducting, the suspected narcotics trafficking.

_____
Brian Boudreau
Digitally signed by Brian Boudreau
Date: 2026.02.17 12:12:12 -05'00'

BRIAN BOUDREAU
USPIS TASK FORCE OFFICER

Subscribed and sworn to before me by telephone this 17th day of February 2026.

_____
Robert A. Richardson
Digitally signed by Robert A. Richardson
Date: 2026.02.17 13:06:43 -05'00'

HONORABLE ROBERT A. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## Property to Be Searched

USPS Priority Mail parcel displaying USPS Tracking Number9505511140726044256364, addressed to "Esteven Rodrigues 254 Berlin Ave Southigton, CT 06489" and presently in the custody of the United States Postal Inspection Service at 141 Weston Street in Hartford, CT 06101.



1

## ATTACHMENT B

### Particular Things to be Seized

Evidence, fruits, contraband, and instrumentalities of violations of 21 U.S.C. §§ 841(a), 844, and 846 including United States currency and narcotics.